ARLINGTON BEACH COMPANY, PROSECUTOR, v. BOR-
OUGH OF SEASIDE HEIGHTS, RESPONDENT.

Argued November 11, 1919—Decided February 13, 1920.

Before a municipality can take proceedings to condemn land for
public improvement, the cost of which, or a portion whereof, may
be assessed upon lands benefited thereby, it must appear that
proceedings for such improvements have been begun by ordi-
nance.

On *certiorari.*

Before Justices SWAYZE and KALISCH.

For the prosecutor, *Bleakly & Stockwell.*

For the respondent, *Ward Kremer.*

The opinion of the court was delivered by

SWAYZE, J.   The borough of Seaside Heights sought by
these proceedings to acquire land along the seashore for the
purposes of constructing a boardwalk thereupon, of establish-
ing a public park or playground, and of constructing piers or
amusement pavilions, and of conducting and operating bath-
ing beaches.   Commissioners were appointed to condemn the
land.   The order appointing commissioners is now before us
for review.

The laws of 1917 provide that a local improvement is one
the cost of which or a portion thereof may be assessed upon
lands in the vicinity thereof benefited thereby.   Among the
improvements specifically enumerated is the construction of a
public walk on any beach or along the ocean.   *Pamph. L.*
.1917, *p.* 370, *art.* 20, § 1.   Section 2 (page 371) and section
9 (page 374) make it clear that proceedings for such improve-
ments shall be begun by ordinance.   The statute reaches im-
provements the cost of which may be assessed upon lands

specially benefited whether in fact they are to be assessed or not. The question is one of definition only. We have no doubt that the proposed improvements are local improvements within the definition and that they must be authorized by ordinance. Until the municipality has the authority of an ordinance, it cannot make the improvement and it follows cannot condemn lands for the purpose. *Wendel* v. *Board of Education of Hoboken,* 76 *N. J. L.* 499, 501. This authority must appear in the petitions for appointment of commissioners. *Ibid.* The present petition fails to show authority. There is a mere incidental reference to an ordinance for a boardwalk, but whether such an ordinance has ever been adopted or whether it is only proposed does not appear. We must take the returns as complete. *Wilkinson et al.* v. *Inhabitants of Trenton,* 36 *Id.* 499. The necessary result is that the proceedings be set aside. The prosecutor is entitled to costs.